**In re Donald F. MURPHY, Debtor.**

No. 06–21053.

United States Bankruptcy Court, W.D. New York.

Aug. 29, 2007.

11 U.S.C. § 1325 (2007).

David D. MacKnight, Louis A. Ryen, Lacy, Katzen et al., Rochester, NY, for Debtor.

George M. Reiber, Rochester, NY, for Trustee.

## DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On June 21, 2006, Donald F. Murphy (the "Debtor") filed a petition initiating a Chapter 13 case, and George M. Reiber, Esq. (the "Trustee") was appointed as his Chapter 13 Trustee. On his Schedule F, Creditors Holding Unsecured Nonpriority Claims, filed along with his petition, the Debtor indicated that he had unsecured

nonpriority claims totaling $827,787.00. These included claims scheduled as non-contingent, liquidated and undisputed in favor of the Rochester City School District (the "School District"), the Rochester Teacher's Association (the "Teacher's Association") and for legal services provided by Emmelyn Logan–Baldwin ("Logan–Baldwin") from September 1999 through March 2005 in the amount of $524,557.00 (the "Logan–Baldwin Debt").

On August 1, 2006, the Trustee filed a Motion to Dismiss (the "Section 109(e) Motion to Dismiss") the Debtor's Chapter 13 case for cause, pursuant to Section 1307. The Motion asserted that, because the Debtor's scheduled noncontingent, liquidated, unsecured debts exceeded $307,675.00, Section 109(e) made him ineligible to be a Chapter 13 debtor.[1]

On August 18, 2006, the Debtor amended Schedule F to list the Logan–Baldwin Debt as disputed.

On August 31, 2006, the School District interposed a Response (the "School District Response") to the Section 109(e) Motion to Dismiss, which asserted that, although the Debtor's noncontingent, liquidated, unsecured debts exceeded $307,675.00, for various reasons the case should be converted to a Chapter 7 case rather than be dismissed. The School District Response further asserted that, in accordance with the decision of the United States Court of Appeals for the Second Circuit in *In re Mazzeo*, 131 F.3d 295 (2d. Cir.1997) ("*Mazzeo*"), the fact that a debt is scheduled as disputed does not make it contingent or unliquidated for purposes of Section 109(e).

On August 31, 2006, the Debtor also filed a Response to the Section 109(e) Motion to Dismiss, and on September 5, 2006, he filed a Memorandum of Law in Opposition to the Motion (collectively, the "Debtor Response"). The Debtor Response alleged and asserted that: (1) the Debtor advised the Trustee's office at his July 31, 2006 initial Section 341 Meeting of Creditors that the Logan–Baldwin Debt was disputed; (2) the Logan–Baldwin debt was disputed because the legal services she provided to the Debtor in an action (the "District Court Action") involving the Debtor, as Plaintiff, and the School District and the Teacher's Association, as Defendants, in the United States District Court for the Western District of New York (the "District Court"), were determined by the District Court in a March 10, 2006 Decision (the "District Court Decision") to have been rendered in connection with claims asserted by the Debtor against the School District and Teacher's Association that were meritless; (3) the finding in the District Court Decision resulted in judgments being entered against the Debtor for attorney's fees incurred by the School District and Teacher's Association; (4) it would be against public policy for any court to find that the Debtor was required to pay for the legal services provided by Logan–Baldwin, which were determined to have been rendered in connection with a meritless claim, so the Debtor had an absolute defense to any recovery on the Logan–Baldwin Debt; (5) in the District

1. Section 109(e) provides that:
 (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title.
 11 U.S.C. § 109(e) (2007).

Court Action, the School District and Teacher's Association asserted that the services provided by Logan–Baldwin had no value, so they, and the Trustee as their representative, were judicially estopped from asserting in this proceeding that the Logan–Baldwin Debt was enforceable or recoverable; and (6) because the Debtor had an absolute defense to the enforcement or recovery of the Logan–Baldwin Debt, the Court should find the Debt to be unliquidated for purposes of Section 109(e).

At a September 5, 2006 hearing on the Section 109(e) Motion to Dismiss, the Trustee withdrew his Motion without prejudice.

On December 6, 2006, the School District filed an Objection to Confirmation which included a Section 109(e) eligibility Objection.

On June 15, 2007, after numerous proceedings were conducted in the Debtor's Chapter 13 case, the Trustee filed a new Section 109(e) Motion to Dismiss (the "Second Motion to Dismiss"), which asserted that the specific language of Section 109(e) made the petition date the applicable time for the Court to make an eligibility analysis, and that as of that date the Debtor had noncontingent, liquidated, unsecured debts which exceeded $307,675.00.

On July 6, 2007, the School District filed a Memorandum of Law in support of the Second Motion to Dismiss, the Teacher's Association filed a Statement in Support of the Second Motion and the Debtor served a copy of a "Response" to the Second Motion on the interested parties, but did not file it with the Court until after the August 15, 2007 hearing on the Second Motion. On July 10, 2007, the School District filed a Reply to the Response.

From the pleadings of the parties in connection with the Second Motion to Dismiss, the Court has been advised of the following additional facts that it was not presented with in the Section 109(e) Motion to Dismiss: (1) no claim was filed in connection with the Logan–Baldwin Debt in the Debtor's Chapter 13 case prior to the expiration of the bar date; and (2) the Debtor had filed an affidavit (the "Debtor's Affidavit"), dated December 30, 2005, in the District Court Action that included, as an attachment, a March 24, 2005 invoice (the "Invoice") from Logan–Baldwin to the Debtor for her legal services in the amount of $524,556.84, which Affidavit indicated, at Paragraph 19, "I still owe Ms. Logan–Baldwin $600,000 in attorney's fees."

### DISCUSSION

 We know from the decision in *Mazzeo* that, in connection with a Section 109(e) eligibility analysis, which by the specific terms of the Section must be "on the date of the petition": (1) the term debt is sufficiently broad to cover any possible obligation to make payment, whether that obligation is liquidated or unliquidated, fixed or contingent, disputed or undisputed, and whether or not it is embodied in a judgment; (2) a debt is contingent if it does not become an obligation to make payment until the occurrence of a future event, but it is noncontingent when all of the events giving rise to liability have occurred prior to the debtor's filing for bankruptcy; (3) a debt is not contingent merely because a Debtor disputes the debt or claim; (4) although a creditor's ability to collect the sum due may depend upon adjudication that does not make the debt contingent; (5) a debt is liquidated if the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a simple computation; and (6) the existence of a dispute over either the underlying liability or the amount of the

debt does not automatically render the debt either contingent or unliquidated, and disputed debts are included in the calculation of the amount of debt for Section 109(e) eligibility purposes.

■ With respect to the Logan–Baldwin Debt, on the date of the filing of the Debtor's petition, when it was scheduled by the Debtor on Schedule F under penalties of perjury as a noncontingent, liquidated and undisputed unsecured debt, I find that the Debt was in fact a noncontingent, liquidated, unsecured debt for purposes of the unsecured debt limits computation and eligibility analysis of Section 109(e), for the following reasons: (1) Logan–Baldwin had presented the Debtor with the Invoice that indicated a balance due for legal services of $524,556.84, and there is no evidence in the record that at any time prior to the date he filed his petition the Debtor ever notified Logan–Baldwin that he objected to the Invoice in whole or in part; (2) in fact, in December of 2006 the Debtor affirmed in the Debtor's Affidavit that the Logan–Baldwin Debt, as evidenced by the Invoice, was due at a time when he was represented in the District Court Action by different counsel and when he believed that having liability for the Logan–Baldwin Debt was advantageous to him; (3) consistent with both: (a) his failure to in any way object to the

Invoice before the date he filed his petition; and (b) his acknowledgment of the Logan–Baldwin Debt in the Debtor's Affidavit; the Debtor executed his schedules, while represented by the same counsel that represented him when he filed the Debtor's Affidavit, and once again confirmed on Schedule F that the Logan–Baldwin Debt was noncontingent, liquidated and undisputed; (4) based upon the foregoing facts and circumstances, for purposes of Section 109(e), on the date of the Debtor's petition: (a) Logan–Baldwin had a claim[2] and right to payment for the legal services performed and billed on the Invoice in the amount of $524,556.84; (b) the Logan–Baldwin Debt was noncontingent, since all of the events necessary to give rise to a liability, the performance of services, billing and failure to object, occurred prior to the filing of the Debtor's petition; and (c) the Logan–Baldwin Debt was liquidated, because the amount of the Debt was clearly set forth and itemized in detail on the Invoice, and it was in the same amount as set forth on the Debtor's Schedule F; and (5) the Debtor's post-petition claim of a dispute and the reasons asserted for why the Logan–Baldwin Debt would not be enforceable or recoverable, although interesting and creative, are not persuasive,[3] and, in any event, as stated in *Mazzeo*, such a dispute did not make the Logan–Baldwin Debt contingent or unliquidated on the

---

**2.** Since the operative computational date in this analysis is the date of the petition, whether or not Logan–Baldwin filed a proof of claim is irrelevant.

**3.** In the District Court Decision, the District Court found that the Debtor brought and pursued the District Court Action in bad faith and for the improper purpose of attacking the School District and School Administrators, and that he was "hardly a bystander" in this case, in that he was actively involved in the litigation and he and his attorney were equal offenders. This raises questions as to whether: (1) although there may have been

meritless claims pursued in the District Court Action, the Debtor received from Logan–Baldwin the very services that, as an equal offender, he desired; and (2) a court would completely relieve the equally offending Debtor of the obligation to pay for the services he may have desired and even demanded, when he knew that they were meritless. Nevertheless, this is all speculation and this Court is not required to fully adjudicate the dispute in ruling on the Second Motion to Dismiss, since the Logan–Baldwin Debt was not contingent or unliquidated on the date of the petition.

date of the petition for Section 109(e) eligibility purposes.

### *CONCLUSION*

The Logan–Baldwin Debt in the amount of $524,556.84 was a noncontingent, liquidated, unsecured debt on the date of the filing of the Debtor's petition, which itself is more than the permissible $307,675.00 maximum noncontingent, liquidated, unsecured debt permitted to make an individual eligible to be a Chapter 13 debtor. As specifically set forth in Section 109(e), the petition date is the applicable time for a Section 109(e) eligibility analysis and computation especially when, as in this case, within a short time after the filing of the petition and an initial Section 341 Meeting of Creditors, the Trustee and other interested unsecured creditors filed or joined in a Section 109(e) Motion to Dismiss and they never waived their rights and remedies with respect to the issue.

The Second Motion to Dismiss is in all respects granted and the Debtor's case is dismissed.

**IT IS SO ORDERED.**